WILLIAM D. KLEIMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kleiman v. Commissioner
Docket No. 29102-83.
United States Tax Court
T.C. Memo 1985-299; 1985 Tax Ct. Memo LEXIS 331; 50 T.C.M. (CCH) 183; T.C.M. (RIA) 85299; June 24, 1985. William D. Kleiman, pro se. Mark D. Peterson, for the respondent. WRIGHT MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency of $9,099 in petitioner's 1981 Federal income tax and further determined additions to tax of $4,549.50 and $679.45 under section 6653(b) [1] and 6654, respectively. The issues are whether petitioner is liable for an addition to tax under section 6653(b) or, alternatively, *332 whether petitioner is liable for additions to tax under sections 6651(a), 6653(a)(1), and 6653(a)(2). FINDINGS OF FACT Petitioner William D. Kleiman resided in Madison, Wisconsin, when the petition herein was filed. During 1981, petitioner was employed by various contractors and earned wages totaling $28,391.83. On February 23, 1981, and May 4, 1981, petitioner submitted to his employers at those times Forms W-4, Employee's Withholding Allowance Certificates, by which he claimed exemption from withholding. The May 1981 form contained petitioner's statement, made under the penalties of perjury, that during the prior year he owed no Federal income tax and had a right to a refund of all such tax withheld and, for the current year, he expected to owe no Federal income tax and to have a right to a refund of all such tax withheld. During 1981, petitioner received unemployment compensation of $1,328 from the State of Wisconsin. Petitioner timely filed *333 a Federal income tax return for 1980 showing income and deductions. He filed no return for 1981. Petitioner would not appear at an audit appointment with respondent's counsel and refused to produce the documents respondent requested to determine petitioner's tax liability for 1981. Petitioner attended a conference with respondent's counsel for the purpose of arriving at a stipulation of facts, but he refused to stipulate to any facts with respect to this case. Prior to trial, this Court dismissed this case insofar as it pertains to those issues upon which petitioner had the burden of proof, based upon petitioner's failure to file a proper amended petition and to pay the filing fee as previously ordered by the Court. Subsequently, respondent filed his Answer in this case alleging an alternative claim for additions to tax pursuant to sections 6651(a), 6653(a)(1), and 6653(a)(2). The issues remaining for decision are whether petitioner is liable for an addition to tax under section 6653(b) or, alternatively, whether petitioner is liable for additions to tax under sections 6651(a), 6653(a)(1), and 6653(a)(2). OPINION This case was dismissed insofar as it pertains *334 to those issues upon which petitioner had the burden of proof, namely, the tax deficiency and the addition to tax under section 6654. Rule 142(a). The only issues before the Court, therefore, are those for which respondent bears the burden of proof -- whether petitioner is liable for the addition to tax under section 6653(b) or, alternatively, whether petitioner is liable for additions to tax under sections 6651(a), 6653(a)(1), and 6653(a)(2). Sec. 7454(a); Rule 142(a) and (b). We first consider whether petitioner is liable for an addition to tax under section 6653(b). That section imposes an addition to tax if any part of an underpayment of tax for the year is issue was due to fraud. This addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, that petitioner has an underpayment and that some part of the underpayment for each year in issue *335 was due to fraud. Sec. 7454(a); Rule 142(b); . The fraud envisioned by section 6653(b) is actual, intentional wrongdoing, and the intent required is the specific intent to evade a tax believed to be owing. . Respondent must show that the taxpayer intended to evade taxes known or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; ; , affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ;, affd. without published opinion, ; . Fraud is never presumed, but *336 rather must be established by affirmative evidence. . Direct proof of the taxpayer's intent is rarely available; therefore, fraud may be proved by circumstantial evidence. ; The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; Failure to file a tax return is not in itself conclusive evidence of fraud ( , revg. in part and affg. in part a Memorandum Opinion of this Court), but such failure may properly be considered in connection with other facts to determine whether an underpayment of tax is due to fraud. . This Court has held that the filing of false Forms W-4 is clear evidence of fraud. ; ; *337 . A taxpayer's refusal to cooperate with respondent's attempt to determine his correct tax liability can be a further indicium of fraud. ; ; . [2]
In the instant case, we find that there is clear and convincing evidence of fraud. With respect to the existence of the underpayment, respondent must meet his burden of proof and not merely rely upon our dismissal of the case with respect to the issue of whether there was a tax deficiency and the resultant decision in respondent's favor as to that issue. . In the instant case, respondent introduced into evidence Forms W-2 showing that petitioner earned wages totaling $28,391.83 and that $185.38 was withheld for Federal income tax. Petitioner filed no Federal income tax return for 1981. We find *338 that these facts establish that petitioner had a substantial amount of unreported income and a consequent underpayment of tax for 1981. We next turn to the matter of fraudulent intent. Petitioner was aware of the filing requirement but nevertheless failed to file any return for 1981. Furthermore, he took affirmative steps to avoid his tax liability. On two separate occasions he filed a Form W-4 with his employer by which he claimed to be exempt from withholding. These Forms W-4 contained false statements and were submitted in order to stop altogether the withholding of Federal income taxes from his wages. Finally, petitioner refused to cooperate in respondent's investigation of his tax liability. We find that petitioner's conduct was intended to conceal, mislead or otherwise prevent the collection of taxes known or believed to be owing and constituted a deliberate attempt to evade such taxes. We conclude that petitioner's underpayment of tax for 1981 was due to fraud and, accordingly, we sustain respondent's imposition of an addition to tax under section 6653(b). In view of our conclusion as to fraud, we do not address respondent's alternative assertions. To reflect *339 the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. , and cases cited therein.↩